PERCY A. BATEMAN V. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY.

No. 14,167. (81 Pac. 190.)

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed June 10, 1905. Affirmed.

*Herrick & Allen,* for plaintiff in error.
*A. A. Hurd, O. J. Wood,* and *Angevine & Cubbison,* for defendant in error.

*Per Curiam:* In this case there is no evidence that the method provided for filling torches was not a reasonably safe one, under the conditions existing in the defendant's roundhouse. There is no evidence that it was unsafe, under the method of conducting the defendant's business, to leave oil drippings exposed in the pan provided to catch them. This fact is not even adverted to anywhere in the case as one involving any breach of duty to the plaintiff. Much less is there any evidence that it was negligence to close the top of the oil-can above the dripping-pan with a piece of waste instead of a metal cap.

Nor is there any evidence that the fire which started in the dripping-pan was the fault of any person connected with the defendant company, or was so likely to occur that the defendant

should have guarded against it by any other means than those which were employed.  And there is no evidence that the defendant, or any of its employees, had any reason to anticipate that it would be necessary to remove the oil-can suddenly or hastily to avoid the danger of a fire.

The argument of the plaintiff in error contrary to certain of these propositions is pure assumption and speculation, without any basis in the testimony.  Negligence must be proved as a fact.

Since, therefore, so far as the evidence shows, the place was a reasonably safe one, and the can, maintained as it was, was a reasonably safe appliance in a reasonably safe condition, the plaintiff must fail, because there is not even a scintilla of evidence that the employee, Campbell, knew or ought to have known, or by any reasonable exercise of judgment could have anticipated, the peculiar result which attended the handling of the can.

The plaintiff's entire argument is based upon the fact that stopping the top of the can with waste instead of the usual cap was the proximate cause of the injury.  If so, it was an injury occurring without any breach of duty on the part of the defendant, and the plaintiff was correct and just when he reported to the company that it was an accident for which he blamed no one.

The judgment of the court below is affirmed.